UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTHONY LYNCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P.J. JONES, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:21-cv-01842-JDP (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE AND DENYING PLAINTIFF'S MOTION TO STAY<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF Nos. 19 & 22 |

　　　　Plaintiff alleges that defendants violated her Eight Amendment rights by failing to protect her from sexual assault and to obtain medical care for her after the assault.  Defendants move to dismiss plaintiff's deliberate indifference claim for failure to exhaust administrative remedies. Plaintiff has filed an opposition and a motion to stay; both indicate that she agrees to dismiss the deliberate indifference claim, but plaintiff asks that the court stay that claim while she exhausts it. Because plaintiff agrees to dismiss that claim, I recommend granting defendants' motion.

　　　　Plaintiff states in the complaint that she did not exhaust her administrative remedies because rape victims are not required to exhaust, and the grievance form did not have enough

1

space for her to write. ECF No. 1 at 11 ("CDCR does not []¹ a 'victim' of rape to appeal any medical needs when dealing with 'rape.' Also, there's not enough room on the 602 [grievance] forms to appeal all issues."). Defendants argue that these reasons do not excuse plaintiff from exhausting her deliberate indifference claim.² ECF No. 19 at 2.

On January 23, 2023, plaintiff filed two relevant motions: a motion to stay her deliberate indifference claim, ECF No. 22, and an opposition to defendants' motion to dismiss, ECF No. 23. In both motions, plaintiff acknowledges that she did not exhaust her deliberate indifference claim and agrees to dismiss that claim without prejudice. ECF No. 22 at 2 ("As plead[ed], Ms. Lynch is willing to 'dismiss' claim II without prejudice, and ask the court to 'stay' claim II while Ms. Lynch 'exhaust[s]' claim II, failure to provide medical treatment to a 'rape victim.'"); ECF No. 23 at 1 ("Plaintiff Ms. Lynch is requesting this court to dismiss claim II of the complaint 'medical deliberate indifference' without prejudice, and allow Ms. Lynch to bring claim II 'medical deliberate indifference' at a later date once Ms. Lynch has exhausted her administrative remedies within CDCR."). I will thus recommend that her deliberate indifference claim be dismissed.

Plaintiff states in her motion to stay that she filed a grievance about her deliberate indifference claim on January 19, 2023, and asks that the court stay this claim until she has exhausted it. ECF No. 22 at 1. A prisoner cannot bring a section 1983 action *until* she has exhausted the available administrative remedies, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and

---

¹ Unintelligible.

² Although plaintiff agrees to dismiss her deliberate indifference claim, thereby making it unnecessary for the court to delve into defendants' arguments, those arguments may be well taken. Several courts in this circuit have rejected the argument that the Prison Rape Elimination Act exempts claims from exhaustion. *See Porter v. Howard*, 531 F. App'x 792, 793 (9th Cir. 2013) ("Porter provides no support for his contention that he was excused from the requirement that he file an administrative grievance by operation of [PREA]."); *Farmer v. Otter*, No. 14-CV-00345-BLW, 2015 WL 5595497 at *5 (D. Idaho Sept. 22, 2015) ("Finally, many courts have held that the PREA's reporting requirements do not supersede the PLRA's exhaustion requirements."); *Myers v. Grubb*, No. CV-12-29-H-DLC, 2013 WL 352194 at *1 (D. Mont. Jan. 29, 2013) ("The [PREA] does not impose a different administrative remedy scheme or supersede PLRA's requirement that a prisoner exhaust all available administrative remedies before filing suit."). Plaintiff's other contention—that she did not have enough space to write on the grievance form—does not excuse a lack of exhaustion. *See Salinas Sanchez v. Seibel*, No. ED CV 15-1901-R (DFM), 2018 WL 6075342, at *5 (C.D. Cal. Aug. 22, 2018) (rejecting the plaintiff's "contention that he did not have enough space on the grievance form" as an excuse for exhaustion).

if a claim is not exhausted, a prisoner is not entitled to a stay of judicial proceedings to permit exhaustion, *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002).  Accordingly, I will deny plaintiff's motion to stay her deliberate indifference claim.  However, this order does not prevent plaintiff from filing a new lawsuit if and when she fully exhausts that claim.

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court assign a United States District Judge to this case and

2. Plaintiff's motion to stay, ECF No. 22, is denied.

Further, it is RECOMMENDED that defendants' motion to dismiss, ECF No. 19, be granted and plaintiff's claim for medical deliberate indifference be dismissed.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of these findings and recommendations, file written objections with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE